**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERESA LEHMAN, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. |
| | ) |
| vs. | ) |
| | ) |
| BITNER-BECHDEL AMERICAN LEGION, | ) Electronically Filed |
| POST 623, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**CIVIL COMPLAINT**

1.      Plaintiff brings this action under Title III of the Americans with Disabilities Act

of 1990, as amended ("ADA") against Bitner-Bechdel American Legion, Post 623.  Plaintiff also

assert several state law causes of action.

**Jurisdiction and Venue**

2.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1345.

This Court has authority to grant a declaratory judgement pursuant to 28 U.S.C. §§ 2201.  This

Honorable Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28

U.S.C. §1367.

3.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because

Defendant is located in this District and the acts of discrimination occurred in this District.

1

**Parties**

4.       Plaintiff, Teresa Lehman is an adult person with an address of 1906 Zion Road, Bellefonte, Pennsylvania.

5.       Defendant, Bitner-Bechdel American Legion Post 623, is a non-profit corporation with its address listed as PO Box 322 68 Wynn Avenue, Beech Creek, PA 16822.

**Facts**

6.       Teresa Lehman is a member of the Women's Auxiliary of the American Legion, Post 867. Ms. Lehman suffers from Post-Traumatic Stress Disorder ("PTSD") that substantially impairs her major life activity of interacting with others, as well as the operation of her brain and nervous system.  Ms. Lehman is an individual with a disability within the meaning of the ADA.

7.       As a result of Ms. Lehman's disability her psychologist recommended a psychiatric service animal to assist Ms. Lehman in coping with her emotional distress, stress and anxiety.

8.       Due to Ms. Lehman's disabilities, she acquired a trained certified service dog. "Izabella" is a trained and certified Psychiatric Service Animal.  Izabella is a service animal within the meaning of the ADA.

9.       Izabella is a 12 pound Shih Tzu pictured below.  Izabella was wearing the service dog vest at the time of the illegal discrimination described herein.

2



10.    On or about April 26, 2025, Ms. Lehman attended an outside Family Day event at the Bitner-Bechdel American Legion Post 623.  Ms. Lehman was accompanied by her service dog.

11.    During the event, Respondent's Vice President, Bill Bechdel informed Ms. Lehman's husband that Izabella could not be on the premises.  Mr. Bechdel was advised that Izabella is a service dog.  Mr. Bechdel illegally responded that he did not care what kind of dog Izabella is, "get her out of here."

12.    Shortly thereafter, Respondent's President, Steve Heverly illegally informed Ms. Lehman that she was not welcome at the event with her dog and instructed Ms. Lehman that she must leave immediately.  Ms. Lehman informed Mr. Heverly that Izabella is a service dog, but Mr. Heverly responded that he did not care and illegally yelled at Ms. Lehman that she needed to

get out. Ms. Lehman informed Mr. Heverly that she had documentation with her of Izabella's certification as a service dog. Heverly responded that he couldn't care less and did not want to see the documentation.

**Causes of Action**
**Count I – Violation of Title III of the Americans with Disabilities Act**

13.    The allegations contained in the preceding paragraphs are incorporated by reference.

14.    Defendant, through the conduct alleged herein, discriminated against Plaintiff on the basis of Ms. Lehman's disability and need of a service animal in the full and equal enjoyment of Defendant's services, facilities, privileges, advantages, and accommodations. Defendant's violations of Title III include, but are not necessarily limited to:

a.   Excluding Ms. Lehman from a place of public accommodation and denying her full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of that public accommodation;

b.   Denying Ms. Lehman an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the place of public accommodation;

c.   Failing to make reasonable modifications in policies, practices, or procedures, when such modifications were necessary to afford Defendant's goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and/or

d.   Failing or refusing to modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability.

4

15.     As a direct and proximate result of Defendant's conduct in violation of Title III of the ADA, and its implementing regulations, Ms. Lehman sustained damages, was harmed, and is an aggrieved person.

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief:

a.      Grant judgement in favor of the Plaintiff and declare that the discriminatory actions, practices, and policies of Defendant as set forth above violate Title III of the ADA and its implementing regulations;

b.      Enjoin Defendant, its officers, agents, employees, members, and all other persons in active concert or participation with Defendant, from discriminating on the basis of disability against Ms. Lehman, other individuals with disabilities, and other individuals related to or associated with an individual with a disability in violation of Title III of the ADA and its implementing regulations;

c.      Order Defendant, its officers, agents, employees, members, and all other persons in active concert or participation with Defendant to adopt and implement a policy of nondiscrimination against persons with disabilities, including persons who use service animals, and to make reasonable modifications to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages, and accommodations are afforded to individuals with disabilities, including those who use service animals, where such modifications do not result in a fundamental alteration;

d.      Order Defendant to design and implement appropriate staff training programs and ensure that all personnel affiliated with Defendant who have contact with members of the public

5

are knowledgeable about the policies related to the provision of goods and services to persons with disabilities;

e.      Award attorney fees and the cost of suit; and

f.      Order such other appropriate relief as the interests of justice may require.

### Count II – Negligence Per Se

16.      The allegations contained in the preceding paragraphs are incorporated by reference.

17.      Discrimination on account of a service dog is a crime in Pennsylvania.  Pursuant to 18 P.S. § 7325, it is a summary criminal offense for a "proprietor, manager or employee of a … place of public accommodation, entertainment or amusement" … to refuse, withhold, or deny any person who is using a service animal the use of or access to any accommodation, advantage, facility, or privilege of such public accaccommodation.

18.      The statute is designed to protect the health and well-being of disabled persons, as opposed to the public generally.

19.      The ADA, the Pennsylvania Human Relations Act ("PHRA"), and 18 P.S. § 7325 clearly apply to and prohibit Defendant's actions as described herein.

20.      Defendant's conduct violated the ADA, PHRA, and 18 P.S. § 7325.

21.      Defendant's conduct was a direct and proximate cause of physical injury, emotional distress, mental anguish, pain, suffering, embarrassment, humiliation, and inconvenience to the plaintiff.

22.      Defendant's actions were outrageous, criminal, malicious, and undertaken with reckless disregard for the plaintiffs' legal rights.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages and such other relief as the Court may deem just and proper under the circumstances.

### Count III – Negligence/reckless conduct

23.     The allegations contained in the preceding paragraphs are incorporated by reference.

24.     Defendant had a duty of care to Plaintiff as its business invitee, particularly after Plaintiff advised the defendant, through its officers of Ms. Lehman's disability and the need for her use of Izabella as his service animal.

25.     The careless, negligent, and reckless conduct of the Defendant consisted of one or more of the following:

(a)     Failing to properly train its staff and officers concerning their legal obligations pursuant to the anti-discrimination and criminal laws cited herein;

(b)     Failing to have adequate policies and procedures in place to prevent staff and/or officers from denying services and accommodations to disabled guests who require the use of a service animal; and

(c)     Failing to exercise due care under the circumstances for the rights, safety, and well-being of the plaintiff and other disabled guests who use service animals, as well as acting with wanton, willful and reckless disregard for the health, safety, and legal rights of the plaintiff.

26.     As a direct and proximate result of the aforementioned incident, which was caused by the reckless, careless, and negligent conduct of the defendant, Plaintiff has suffered the following injuries, damages and losses:

(a) Emotional distress and mental anguish;

7

(b) Exacerbation of Ms. Lehman's PTSD;

(c) Depression;

(d) Anxiety;

(e) Pain, suffering, and inconvenience;

(f) Embarrassment, inconvenience, and humiliation.

WHEREFORE, Plaintiff demand judgment against Defendant for compensatory and punitive damages and such other relief as the Court may deem just and proper under the circumstances.

## Jury Trial Demand

Plaintiffs respectfully requests a trial by jury on all issues so triable.

Respectfully submitted by:

**Bordas and Bordas, PLLC**

*/s/ Thomas B. Anderson*
Thomas B. Anderson, Esquire
PA I.D. No. 79990
Bordas and Bordas, PLLC
One Gateway Center
420 Fort Duquesne Blvd, Suite 1800
Pittsburgh, PA 15222
tanderson@bordaslaw.com

Counsel for the Plaintiff

8